# No. 19-50662

## In the United States Court of Appeals For the Fifth Circuit

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**v.**

**JOHN DAVID NAVARRO,**

**Defendant-Appellant.**

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS**

---

## APPELLEE'S BRIEF FOR THE UNITED STATES OF AMERICA

---

ASHLEY C. HOFF
United States Attorney

MARA ASYA BLATT
Assistant United States Attorney
Western District of Texas
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
(210) 384-7090/ FAX (210) 384-7031
ATTORNEYS FOR APPELLEE

## Recommendation on Oral Argument

The record and the parties' briefs adequately present the facts and legal arguments relevant to this appeal. *See* FED. R. APP. P. 34(a)(2)(C). The United States therefore recommends that oral argument is unnecessary and would not significantly aid the Court in its decisional process. *See id.*

## Table of Contents

Recommendation on Oral Argument ........ ii

Table of Contents ........ iii

Table of Authorities ........ v

Jurisdiction ........ 1

Statement of the Issue ........ 1

Statement of the Case ........ 2

Summary of the Argument ........ 9

Argument and Authorities ........ 10

Navarro's Conviction and Sentence Should Be Affirmed Because No Plain, Clear, or Obvious Error Infects His Guilty Plea ........ 10

A. The appropriate standard of review is plain error. ........ 10

B. There was no plain clear, or obvious error in the district court's conclusion that Navarro's prior Colorado conviction qualified him as A Tier II sex offender--his conviction and sentence should therefore be affirmed ........ 11

C. Navarro cannot establish plain error because he was required to register as a sex offender under Texas law. ........ 18

1. Only DPS has the authority to determine whether another state's statute of prior conviction is substantially similar to a reportable Texas sex offense ........ 18

2. Navarro's prior conviction for *attempted* sexual assault of a child does not affect the determination of whether he qualifies as a Tier I, II, or III sex offender ... 25

Conclusion ........ 27

Certificate of Service ........ 28

## Table of Contents con't

Certificate of Compliance ........................................................................................ 29

## Table of Authorities

**Cases** **Pages**

*Crabtree v. Texas*, 389 S.W.3d 820 (Tex.Crim.App. 2012) ........ 19

*Ex Parte Covey*, 2010 WL 1253224 (Tex.Crim.App. 2010) ........ 27

*Fisk v. State*, 574 S.W.3d 917 (Tex.Crim.App. 2019) ........ 22, 23, 24, 25

*In re Commitment of K.H.*, 609 S.W.3d 738 (Tex.App.—Houston [14th Dist.] 2020), *reh'g denied* (Sept. 1, 2020), *review denied* (Jan. 8, 2021) ........ 23, 24, 25

*Michigan v. Long*, 463 U.S. 1032 (1983) ........ 21

*Tex. Dep't of Pub. Saf. v. Anonymous Adult*, 382 S.W.3d 531 (Tex.App.--Austin 2012), no pet. ........ 25

*United Mine Workers v. Gibbs*, 383 U.S. 715 (1966)) ........ 21

*United States v. Alvarado-Casas*, 715 F.3d 945 (5th Cir. 2013) ........ 11

*United States v. Berry*, 814 F.3d 192 (4th Cir. 2016) ........ 15

*United States v. Broussard*, 669 F.3d 537 (5th Cir. 2012) ........ 10

*United States v. Cuff*, 538 F. App'x 411 (5th Cir. 2013) ........ 10

*United States v. Escalante*, 933 F.3d 395 (5th Cir. 2019) ........ 7, 13, 15, 17

*United States v. Evans*, 587 F.3d 667 (5th Cir. 2009) ........ 11

*United States v. John David Navarro,* No. 19-50662, *Court Order* Doc. No., 0055296334 (filed Feb. 3, 2020) ........ 7

*United States v. Schofield*, 802 F.3d 722 (5th Cir. 2015) ........ 12

*United States v. Shepherd*, 880 F.3d 734 (5th Cir. 2018) ........ 20, 21

**Table of Authorities con't**

**Cases** **Pages**

*United States v. Walker*, 931 F.3d 576 (7th Cir. 2019) .................................... 14, 15, 16, 17

*United States v. White*, 782 F.3d 1118 (10th Cir. 2015) ...................................................... 16

**Statutes**

34 U.S.C. § 20911 ........................................................................................ 5, 13-14, 15

34 U.S.C. § 20911(7) ............................................................................................ 11, 12

34 U.S.C. § 20911(5)(A) ........................................................................................ 11, 12

34 U.S.C. § 20911(4)(A) .................................................................................. 12, 14, 16

34 U.S.C. § 20911(3)(A) ........................................................................................ 12, 14

28 U.S.C. § 1291 ......................................................................................................... 1

18 U.S.C. § 3742(a) ..................................................................................................... 1

18 U.S.C. § 2256 ..................................................................................................... 7, 8

18 U.S.C. § 2250(a) ..................................................................................................... 3

18 U.S.C. § 2246(3) ................................................................................................... 15

18 U.S.C. § 2244 ................................................................................................. 12, 14

18 U.S.C. § 2244(c) ................................................................................................... 14

18 U.S.C. § 2244(a)(3) ............................................................................................... 14

18 U.S.C. § 2243(a) ....................................................................................... 12, 14, 17

18 U.S.C. § 2242 ....................................................................................................... 12

18 U.S.C. § 2241(a) ................................................................................................... 12

## Table of Authorities con't


| **Statutes** | **Pages** |
|---|---|
| 18 U.S.C. § 2241(c) | 14 |
| Tex. Code Crim. Proc. art. § 62.101(c)(1) | 27 |
| Tex. Code Crim. Proc. art. § 62.101(a)(1) | 19, 25 |
| Tex. Code Crim. Proc. art. § 62.003(a) | 19, 20 |
| Tex. Code Crim. Proc. art. § 62.003(a) | 19, 20 |
| Tex. Code Crim. Proc. art. § 62.001 | 19, 20 |
| Tex. Code Crim. Proc. art. § 62.001(6) | 20, 25 |
| Tex. Code Crim. Proc. art. § 62.001(5) | 25 |
| Tex. Penal Code § 22.11(a)(1) | 19, 20 |
| Tex. Penal Code § 22.021 | 19, 22 |
| Tex. Penal Code § 22.011 | 19, 22 |
| Tex. Penal Code § 21.11 | 18, 19, 22 |
| Tex. Penal Code § 21.11(a)(1) | 18, 19, 20, 21, 22, 23, 24, 25 |
| Tex. Penal Code § 12.42(c) | 22 |
| Ore. Rev. Stat. Ann. § 163.305(6) | 24 |
| Colo. Rev. Stat. § 18.3-405 | 2, 14, 18, 24 |
| Colo. Rev. Stat. § 18.3-405(1) | 23 |
| Colo. Rev. Stat. § 18.3-401 | 15, 24 |
| Colo. Rev. Stat. § 18.3-401(4) | 23 |

## Table of Authorities con't

**Rules** **Pages**

Fed. R. Crim. P. 34 .......... ii

Fed. R. Crim. P. 32 .......... 28

Fed. R. Crim. P. 11(b)(3) .......... 7

**Guidelines**

USSG § 2A3.5 .......... 5

USSG § 2A3.5(a)(5) .......... 5

USSG § 2A3.5(a)(2) .......... 5, 7

USSG § 2A3.5(a)(2), cmt. 1 .......... 5

**Other Sources**

DPS Records Affidavit, *Certification of Sex Offender Record Information*, dated April 13, 2022 .......... 20, 21[1]

*Texas Length of Duty to Register Compared to Minimum Required Registration Period Under Federal Law* (2021)) (.pdf available by loading search for "Texas Offenses Tiered Under Federal Adam Walsh Act" into Google and then clicking purple hotlink to document) .......... 26

[1] A motion to supplement the record with this affidavit is pending before the Court.

**No. 19-50662**

---

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**v.**

**JOHN DAVID NAVARRO,**

**Defendant-Appellant.**

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

---

**BRIEF FOR THE UNITED STATES OF AMERICA**

---

## Jurisdiction

This is an appeal from a final judgment of the district court in a criminal case. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## Statement of the Issue

Whether the district court did not plainly err, and Navarro's conviction and sentence should be affirmed, because the factual basis for his guilty plea established the elements of his SORNA offense?

## Statement of the Case

In 1998, John David Navarro was convicted of attempted sexual assault of a child in Colorado under Colo. Rev. Stat. § 18-3-405 (sexual assault of a child) and sentenced to 3 years in prison. ROA.8, 94, 122. His conviction was supported by a signed and fully executed confession, given after waiving his *Miranda* rights, that he sexually assaulted his 6- and 8-year-old half-brothers by fondling their penises and by having the elder boy touch Navarro's penis until he ejaculated.[2] ROA.233-234, 236-237, 238-239, 241-242. Colorado law required Navarro to register as a sex offender for the rest of his life because of the conviction. ROA.94. He initially fulfilled that obligation but was prosecuted several times in Colorado for failing to register. ROA.94.

---

[2] The PSR described the offense as follows:

> The defendant was represented by counsel. The defendant was arrested by a Monte Vista police officer. Court records indicate Navarro's sister observed Navarro and his half-brother, who was approximately 12 years old, with their pants down and kneeling towards each other. In an interview with Navarro, Navarro stated Navarro had his half-brother fondle him to ejaculation as of 1994. Investigative records indicate Navarro sexually assaulted both of his male half-siblings approximately 20 times, and may have also forced them to wear female clothing during the assaults.

ROA.122. In a signed and dated confession that was part of the state court records for the prior conviction, Navarro admitted that Wesley was seven years old when he touched the boy's penis. ROA.231, 238-239. Navarro also admitted he similarly touched Daniel for a three-year period when the boy was 8 to 10 years old. ROA.240, 247-248. The arrest reports for the prior state prosecution state that Wesley was born in 1988 and Daniel was born in 1986, which would have made the boys 10 and 12 respectively at the time of Navarro's arrest. ROA.231, 240. The incidents for which Navarro was arrested occurred between April 1994 and October 1994, making the boys 6 and 8 when Navarro's sexual assaults first began. ROA.231, 240.

Navarro admitted he began living in Odessa, Texas sometime in 2013.[3] ROA.94, 125. After receiving information that he lived and worked in Odessa, a deputy U.S. Marshall found Navarro in the Ector County, Texas jail where he was being held on a Colorado arrest warrant for failure to register as a sex offender. ROA.120, 124. Further investigation revealed that Navarro had never registered with the Ector County Sex Registration Office. ROA.8, 90, 120.

In February 2019, Navarro was indicted for failing to register as required by the federal Sex Offender Registration and Notification Act ("SORNA"). ROA.94. The indictment alleged that, "[o]n or about February 8, 2019, in the Western District of Texas and elsewhere[,]" Navarro, who was required to register under SORNA by virtue of his Colorado conviction, "did travel in interstate commerce and knowingly fail to register and/or update his registration as required by [SORNA], to wit: [Navarro] left the State of Colorado, moved to Odessa, Texas, and failed to register as a sex offender, in violation of" 18 U.S.C. § 2250(a). ROA.14. Navarro never challenged the indictment by filing a bill of particulars or a motion to dismiss the indictment.

In April 2019, Navarro pleaded guilty to the indictment before United States Magistrate Ronald C. Griffin. ROA.35-36, 61. He told the magistrate he understood

[3] In late August 2013, Navarro pleaded guilty in Kentucky state court to giving a false name or address and was sentenced to 90 days in jail and 2 years' probation." ROA.123.

the charges against him, that he had reviewed the indictment, that he was given sufficient time with his attorney to discuss the case and any defenses he may have had, and that he was satisfied with his attorney.[4] ROA. 64-66. Navarro agreed that he read, understood, signed, and reviewed with his attorney the factual basis for his plea, and that the facts it contained were true and correct. ROA.73. The factual basis stated:

> On January 23, 2019, DUSM [Deputy U.S. Marshal] J.Waechter of the Midland Division was notified of a possible violation of the Failure to Register Sex Offender (SORNA) case.
>
> John NAVARRO was convicted of Attempted Sexual Assault on a Child (Statute 18-3-405) in the State of Colorado. As a result of his conviction, NAVARRO was sentenced to three years imprisonment and is required to register as a sex offender for life. NAVARRO had previously registered, as required, in Colorado.
>
> On January 23, 2019, DUSM J. Waechter received information [that] NAVARRO was living and working in Odessa, Texas. Investigation revealed that NAVARRO had been working and living in Odessa since August of 2015. NAVARRO never contacted the Ector County Sex Registration Office about living and working in Odessa, TX.
>
> Further record checks conducted show no registration in the state of Texas. DUSMs located NAVARRO in the Ector County Detention Center in Odessa on a state warrant out of Colorado. Following his indictment, a Writ of Habeas Corpus Ad Prosequendum was filed on February 20, 2019 to bring NAVARRO into federal custody.

ROA.90. Navarro persisted in his plea. ROA.64, 67-68, 69, 72, 73, 74. The magistrate judge found that Navarro understood the nature of the charge and penalties and his

---

[4] Navarro's attorney told the magistrate his client was rational and "communicated in the English language and he speaks English fluently. I believe he reads and writes and understands what he signed today. And I believe he's understood everything we've talked about." ROA.65

constitutional and statutory rights but "desire[d] to waive them." ROA.74. Navarro's plea was found to have been "freely, knowingly, and voluntarily made, and that a factual basis supported that plea." ROA.74. ROA.35. No objections were made to the magistrate's report and recommendation which the district court adopted and accepted by written order a few weeks later. ROA.35, 38-39.

The PSR before the district court relied upon the SORNA guideline for its offense level calculations, USSG § 2A3.5. ROA.121. Pursuant to § 2A3.5(a)(2), Navarro's base offense level was determined to be 14 which applies if the "defendant was required to register as a Tier II offender." USSG § 2A3.5(a)(2); ROA.121. The SORNA guideline commentary relies upon the statutory definitions of "the terms 'tier I sex offender,' 'tier II sex offender,' and 'tier III sex offender', respectively, [contained] in 34 U.S.C. § 20911." USSG § 2A3.5(a)(2), cmt. 1.[5] ROA.121; *see also* USSG §2A3.5(a)(5). After a 2-point deduction for acceptance of responsibility, Navarro's total offense level was set at 12. ROA.121. His criminal history scoring placed him in criminal history category III. ROA.123. Neither party objected to the offense level or criminal history category calculations in any way relevant to this appeal. Prior to sentencing, Navarro's advisory guideline sentencing range was thus set at 15 to 21 months subject to a statutory maximum of 10 years. ROA.127.

---

5 The text of 34 U.S.C. § 20911 appears at pages 13-14 *infra*.

At the July 2019 sentencing, neither party objected to the calculations of the advisory guideline sentencing range contained in the PSR. ROA. 79-80. The district court found the PSR accurate and adopted it and the application of the guidelines it contained including the advisory guideline sentencing range. ROA.80.

On his client's behalf at sentencing, Navarro's counsel characterized his failure to register as a sex offender as "just a stupid thing that happened[.]" ROA.81. When asked by the district court to explain his conduct, Navarro said: "It was just stupidity. That and just hoping not to have to register no more." ROA.82. While noting that Navarro would "rather not" register, the district court required Navarro's affirmative answer that he knew he had to register and that the obligation would continue through any period of supervised release imposed by the district court.[6] ROA.82–84.

When asked for the Government's view, the prosecutor noted that, since 2000, Navarro had been arrested for and/or convicted of failure to register seven times before the instant prosecution, and that a failure-to-register prosecution was still pending in Colorado. ROA.86-87. After hearing argument and Navarro's allocution, the district court imposed a 21-month term of incarceration and a 5-year term of supervised release. ROA.40–42, 88.

---

[6] Noting this was third time that Navarro had appeared in his court because of his SORNA conviction, the district court said: "Gosh, you have to be sick about paying for this over and over and over again. I can't believe you forgot or it was just even stupidity. I just think you're rebelling. That's just my take on this." ROA.85-86.

Navarro timely appealed although there was a very long delay in the filing of the Appellant's Brief now before the Court.[7] ROA.46. While this appeal was pending, Navarro also completed the 21-month sentence imposed for his SORNA conviction ("the SORNA sentence") and his 5-year term of supervised release commenced on August 6, 2020. ROA.160. With Navarro's consent, probation filed a request a few weeks later to modify the terms of his supervision to include, *inter alia*, participation in a sex offense-specific treatment program, submission to periodic polygraph testing to ensure compliance with that program, and a ban on viewing or possessing "any "visual depiction" (as defined in 18 U.S.C. § 2256), including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" (as

---

[7] The following narrative is derived from this Court's docket. Appellate counsel for Navarro was appointed in October 2019 but motioned the Court to withdraw after Navarro filed a pro se *Anders* brief about a month later. In February 2020, counsel (which appears to have been Navarro acting pro se) was ordered to file a supplemental *Anders*, or substantive, brief addressing the following issues:

> Counsel's brief is inadequate in the following respects. First, the brief does not reflect meaningful consideration of the sufficiency of the factual basis for Navarro's guilty plea. See FED. R. CRIM. P. 11(b)(3); *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010); cf. *United States v. Shepherd*, 880 F.3d 734, 740-42 (5th Cir. 2018). Second, the brief does not reflect meaningful consideration of the district court's calculation of Navarro's base offense level pursuant to U.S.S.G. § 2A3.5(a)(2) based on a determination that his Colorado sex offense conviction required him to register as a Tier II sex offender. *See United States v. Escalante*, 933 F.3d 395, 398-405 (5th Cir. 2019).

*United States v. John David Navarro*, No. 19-50662, *Court Order* Doc. No. 00515296334 (filed Feb. 3, 2020). Further delays due to the pandemic ensued, but in June 2021 a supplemental *Anders* brief was filed. On October 12, 2021, the Court struck and sealed that brief, granted appointed counsel's motion to withdraw, and appointed the Federal Public Defender to represent Navarro. After a supplemental record on appeal was created and filed, the brief presently before the Court was Navarro's brief was finally and timely filed.

defined in 18 U.S.C. § 2256)." ROA.160-161, 163-164. The district court approved the modification. ROA.162. In December 2020 probation, again with Navarro's consent, modified the conditions and terms of his supervision to allow him to live in a residential reentry center for another 120 days; the district court approved the modification. ROA.165-167.

However, in March 2021, probation petitioned for Navarro's arrest and the revocation of his supervised release because:

> On March 15, 2021, John David Navarro admitted to viewing sexually explicit material between November 2020 to January 2021 on his personal cell phone device. Review of the devices search history revealed searches for sexually explicit material and also illegal pornographic material.

Navarro agreed in August 2020. ROA.168. The "illegal pornographic material" included child pornography. ROA.199. Navarro admitted as true the allegation that he violated the condition. ROA.196. The district court found the factual summary and Navarro's admission supported the allegation and established his liability at a 24-month statutory maximum, a 5-to-11-month term of imprisonment under the guidelines, and up to a lifetime of supervised release. ROA.197.

After an extended allocution with defense counsel and Navarro, the district court imposed an 11-month term of imprisonment to be followed by a 5-year term of supervised release. ROA.199-200. In so doing, the district court told Navarro: "I don't blame you for wanting to get it behind you. I want to get it behind you, but you need to do it right. Let's do it right. Otherwise it's not succeed [sic]. And so let's do that."

ROA.199. Navarro has now served his entire 11-month revocation sentence and has been out of prison since February 2022.

In his now revived direct, plain error appeal, Navarro asserts his SORNA conviction should be vacated because his 1998 Colorado conviction for sexual assault of a child qualifies only as a Tier I SORNA offense which imposes a 15-year duty to register as a sex offender. He therefore concludes his SORNA obligation to register expired in 2013 and that the factual basis supporting his 2019 guilty plea was fatally defective. The Government maintains that Navarro cannot demonstrate the existence of a plain, clear, or obvious error that would require this Court to vacate his conviction which should instead be affirmed.

## Summary of the Argument

Navarro acknowledges he has a lifetime duty to register as a sex offender under Colorado law—an obligation which he ignored at least seven times while still living in Colorado. Upon moving to Texas almost a decade ago, he hoped he no longer had a duty to register but agreed in open court that his knowing failure to do so was "just stupidity."

On plain error, Navarro now claims he is actually innocent and asks this Court to vacate his conviction and sentence. He argues his prior Colorado conviction qualifies only as a SORNA Tier I offense, or that he has no duty under SORNA because the Colorado statute is not substantial similar to any Texas sex offense that carries a lifetime duty to register. Both propositions lack a sufficient legal or factual

basis to support Navarro's claim that the district court committed a clear or obvious error by accepting his guilty plea. Conflicting precedent on this question also demonstrates no clear or obvious error. In contrast, this Court's articulation of a circumstance-specific analysis for SORNA tiering while not entirely settled, and a well-established body of Texas law concerning substantial similarity determinations, support the conclusion that Navarro's duty to register as a Tier II sex offender had not expired. For these reasons, this Court should affirm his SORNA conviction and sentence.

## Argument and Authorities

### Navarro's Conviction and Sentence Should Be Affirmed Because No Plain, Clear, or Obvious Error Infects His Guilty Plea.

### A. The appropriate standard of review is plain error.

Navarro failed to challenge the factual adequacy of his guilty plea before the district court and correctly concedes his appeal is subject to plain error review. *See Appellant's Brief* at 8. To assess the factual sufficiency of a plea under the plain error standard, this Court "may look beyond those facts admitted by the defendant during the plea colloquy and scan the entire record for facts supporting his conviction and draw any fair inferences from the evidence." *United States v. Cuff*, 538 F. App'x 411, 413 (5th Cir. 2013); (quoting *United States v. Broussard,* 669 F.3d 537, 546 (5th Cir.2012) with internal quotation marks omitted).

The "district court's omission cannot be plain error" if the law in the question before the Court "is unsettled in this circuit." *See United States v. Evans,* 587 F.3d 667, 671 (5th Cir. 2009). A showing of a reasonable factual dispute is also insufficient to establish clear or obvious error. *See United States v. Alvarado-Casas*, 715 F.3d 945, 952 (5th Cir. 2013) ("[I]f the district courts factual basis finding is subject to reasonable dispute, ... a district court's error in accepting the guilty plea is not plain.") (internal quotation marks and citation omitted).

**B. There was no plain clear, or obvious error in the district court's conclusion that Navarro's prior Colorado conviction qualified him as A Tier II sex offender--his conviction and sentence should therefore be affirmed.**

There is no dispute that Navarro's prior Colorado conviction qualifies as a "sex offense" within the meaning of SORNA. *See* 34 U.S.C. § 20911(5)(A) & (7).[8] He does

[8] **(5) Amie Zyla expansion of sex offense definition**

**(A) Generally**
Except as limited by subparagraph (B) or (C), the term "sex offense" means—…
**(i)** a criminal offense that has an element involving a sexual act or sexual contact with another;
**(ii)** a criminal offense that is a specified offense against a minor;…
or
**(v)** an attempt or conspiracy to commit an offense described in clauses (i) through (iv).

**(7) Expansion of definition of "specified offense against a minor" to include all offenses by child predators**
The term "specified offense against a minor" means an offense against a minor that involves any of the following:…
**(I)** Any conduct that by its nature is a sex offense against a minor.

34 U.S.C. § 20911(5) & (7).

not challenge the legal sufficiency of the indictment to which he pleaded guilty, only the sufficiency of the factual basis supporting his plea and its reliance upon to his prior Colorado conviction for attempted sexual assault on a minor. *See Appellant's Brief* at 8-16.

Here, the district court adopted the magistrate's R&R finding that Navarro's plea was supported by a sufficient factual basis, and the PSR's conclusion that he was a SORNA Tier II offender. The Government maintains there was no error in those decisions. However, the complexity of the analysis supporting that conclusion demonstrates the district court did not commit a clear or obvious error even if it was wrong.

It is undisputed that Navarro's offense of prior conviction is a "sex offense" under SORNA. *See Appellant's Brief* at 8; 34 U.S.C. § 20911(5)(A)(ii), (7)(I); *United States v. Schofield*, 802 F.3d 722, 726 (5th Cir. 2015). The only issue here is whether it qualifies as a SORNA Tier II offense at the least. Its resolution pends on this Court's answer to two questions—first, does the Colorado statute prohibit sexual conduct against a minor that is "comparable to or more severe than" at least one of four federal statutory comparators—18 U.S.C. §§ 2241 (aggravated sexual abuse), 2242 (sexual abuse) and 2244 (abusive sexual contact).[9]. *See* 34 U.S.C. § 20911(3)(A)(iv)&(4)(A).

---

[9] By cross-reference, § 2244 incorporates 18 U.S.C. §§ 2243(a) which prohibits "knowingly engag[ing] in a sexual act with another person who—(1) has attained the age of 12 years but has not yet attained the age of 16 years; and (2) is at least four years younger than the person so engaging." 18 U.S.C. § 2243(a) (sexual abuse of a minor or ward).

Second, does this Court's circumstance- specific approach to SORNA tiering support the conclusion that Tier II's 25-year registration requirement applies because the victims of Navarro's sexual assaults were younger than 13. *Escalante*, 933 F3d at 402. The Government argues the Colorado statute clears both these analytic hurdles to qualify Navarro as a Tier II sex offender. This Court should therefore conclude that the factual basis for his plea was sufficient and affirm his conviction.

In relevant part, SORNA defines its statutory tiers as follows:

> (1) Sex offender
> The term "sex offender" means an individual who was convicted of a sex offense.
>
> (2) Tier I sex offender
> The term "tier I sex offender" means a sex offender other than a tier II or tier III sex offender.
>
> (3) Tier II sex offender
> The term "tier II sex offender" means a sex offender other than a tier III sex offender whose offense is punishable by imprisonment for more than 1 year and--
>
> (A) is comparable to or more severe than the following offenses, when committed against a minor, or an attempt or conspiracy to commit such an offense against a minor:
> …
> (iv) abusive sexual contact (as described in section 2244 of Title 18);
>
> (4) Tier III sex offender
>
> The term "tier III sex offender" means a sex offender whose offense is punishable by imprisonment for more than 1 year and—
>
> (A) is comparable to or more severe than the following offenses, or an attempt or conspiracy to commit such an offense:

> (ii) abusive sexual contact (as described in section 2244 of Title 18) against a minor who has not attained the age of 13 years.

34 U.S.C. § 20911. When Navarro was convicted in 1998, the Colorado statute prohibiting sexual assault on a child in relevant part read as follows:

> **18-3-405 Sexual assault on a child**. (1) An actor who knowingly subjects another not his or her spouse to any sexual contact commits sexual assault on a child if the victim is less than fifteen years of age and the actor is at least four years older than the victim
>
> (2) Sexual assault on a child is a class 4 felony,…

Colo. Rev. Stat. § 18-3-405.

As relevant here, the Colorado offense matches the "abusive sexual contact" prohibited by 18 U.S.C. § 2244 when committed against a minor who has "not attained the age of 12 years" to establish Tier II status. *See* 34 U.S.C. § 20911(3)(A)(ii); 18 U.S.C. § 2244(a)(3) (incorporating 18 U.S.C. § 2243(a)); *United States v. Walker*, 931 F.3d 576, 580 (7th Cir. 2019). Similarly, §2244(c) supports Tier III status if the "abusive sexual contact (described in section 2244 of Title 18) [is] against a minor who has not attained the age of 13 years." *see* 34 U.S.C. § 20911(4)(A)(ii), or which forbids the sexual abuse of a minor or ward when a person "knowingly engages [or attempts to engage] in a sexual act with another person who—(1) has attained the age of 12 years but has not attained the age of 16 years; and (2) is at least four years younger than the person so engaging," 18 U.S.C. § 2244(a)(3) (incorporating 18 U.S.C. § 2243(a)), or "has not yet attained the age of 12 years, 18 U.S.C. § 2241(c). *Walker*, 931 F.3d at 580. Categorically speaking, the offenses cross-referenced in § 2244 and

the Colorado statute "each contain the element of knowing sexual contact with another."[10] *Walker*, at 582.

Only one federal court has considered whether the Colorado sexual assault of a child statute can qualify the defendant as a Tier II or Tier III sex offender—it held it did not. *See Walker*, at 582. But the Seventh Circuit's reasoning—that "the only question is whether the Colorado statute's requirements that the victim be under 15 and at least four years younger than the defendant categorically match the remaining element(s) in any of the federal offenses"—does not accord with the circumstance-specific approach this Court applies in SORNA tiering cases. *See id.*

Two weeks after *Walker* issued, this Court held that in "alignment with every other circuit to consider the question…when classifying sex offender tier levels under 34 U.S.C. §§ 20911(2)– (4), the text of SORNA requires a circumstance-specific inquiry into the victim's age to determine whether the victim was, in fact, a minor at the time of the offense." *Escalante*, 933 F3d at 402; *see United States v. Berry*, 814 F.3d 192, 196-198 (4th Cir. 2016) (applying categorical approach to generic crimes listed in SORNA's tier III definition but reading SORNA's reference to a victim "who has not

---

[10] Under federal law, the term "'sexual contact' means the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246 (3). Sexual contact" under Colorado law means: "(a) The knowing touching of the victim's intimate parts by the actor, or of the actor's intimate parts by the victim, or the knowing touching of the clothing covering the immediate area of the victim's or actor's intimate parts if that sexual contact is for the purposes of sexual arousal, gratification, or abuse." Colo. Rev. Stat. § 18-3-401(4)-(6) (1998) (emphasis added).

attained the age of 13" to be "an instruction to courts to consider the specific circumstance of a victim's age"); *United States v. White*, 782 F.3d 1118, 1135 (10th Cir. 2015) ("Congress intended courts to apply categorical approach to sex offender tier classifications designated by reference to a specific federal criminal statute, but to employ a circumstance-specific comparison for the limited purpose of determining the victim's age."). For example, "in the case of a tier III categorization under § 20911(4)(A)(ii), this circumstance-specific approach includes whether the victim was, in fact, younger than 13." *Id.* at fn.8.

While professing to apply the "hybrid approach" of examining "the victim['s] age as an additional circumstance-specific consideration—apart from the categorical analysis comparing the defendant's offense to the federal offenses listed in §2244," the *Walker* court ultimately failed to do so. *Walker*, at 580-581. It nevertheless recognized the opposite outcome was possible because "the phrases 'comparable to' and 'more severe than' trigger independent categorical commands such that the predicate offense must be *either* comparable to *or* more severe than the federal offense."[11] *Walker*, at 579. With this statutory construction, a compelling reason for finding that the Colorado statute supports Tier II status becomes apparent—that is that its "elements reach victims younger than those included in the federal offense because molesting a younger child is an even more severe offense than molesting an

[11] The Government did not propound this analysis in its appellee's brief to the *Walker* panel. *Id.*

older one."[12] *Id.* In other words, the categorical scope of Colorado statute is narrower than § 2243(a).

Here, the record establishes that Navarro's victims were "in fact, younger than 13" when he committed the Colorado offense by fondling his own genitals, and those of his half-brothers, for sexual gratification. *Escalante*, 3 F.3d at 402. The PSR characterized Navarro's victim at around 12 years of age. ROA. And the documentation supporting the prior Colorado conviction includes Navarro's confession that his two half-brothers were 6 and 8 years old when he began to abuse them sexually. ROA.231, 234, 238, 240

Given these facts, and this Court's coherent application of the circumstance-specific approach, the district court's decision was arguably correct, the conflicting and inconsistent precedent in this area easily permits the conclusion that if it erred, such error was neither clear nor obvious. For this reason alone, Navarro's conviction and sentence should be affirmed.

### C. Navarro cannot establish plain error because he was required to register as a sex offender under Texas law.

On plain error review, Navarro alleges his plea was factually deficient because his Colorado statute of prior conviction did not require him to register as a sex

[12] It also highlights the fact that the *Walker* court mistakenly refused to apply the hybrid approach to determine the age of the victim even while ostensibly adopting that analysis. *See Walker*, 931 F3d at 579-580, 582.

offender within the state of Texas. *See Appellant's Brief* at 16-21. He supports this claim by arguing that the Colorado statute is not "substantially similar" to Tex. Penal Code §21.11 (indecency) which carries a lifetime sex offender registration requirement.[13] *See Appellant's Brief* at 16-23. These arguments fail in the first instance because the determination of substantial similarity is made by the Texas Department of Public Safety ("DPS") and is subject to review by the Texas courts. Second, DPS has determined that Colo. Rev. Stat. § 18-3-405 is substantially similar to Texas Penal Code § 21.11 (Indecency with a child), which carries a lifetime registration obligation even if Navarro was convicted of the attempted sexual assault of a child.

**1. Only DPS has the authority to determine whether another state's statute of prior conviction is substantially similar to a reportable Texas sex offense.**

Navarro agrees that "[a]n out-of-state sex offender is required to register in Texas only if his offense falls within the requirement of Texas Code of Criminal Procedure Chapter 62." *Appellant's Brief* at 16. In relevant portion, Chapter 62 defines the Texas convictions for which sex offender registration is required and provides that a:

> (5) "Reportable conviction or adjudication" means a conviction or adjudication, including an adjudication of delinquent conduct or a deferred adjudication, that, regardless of the pendency of an appeal, is a conviction for or an adjudication for or based on:

[13] Navarro's Colorado conviction also carries a lifetime reporting obligation. ROA.90.

(A) …[Texas Penal Code] 21.11 (Indecency with a child), 22.011 (Sexual assault), 22.021 (Aggravated sexual assault), or 25.02 (Prohibited sexual conduct),

…

(G) an attempt, conspiracy, or solicitation, as defined by Chapter 15, Penal Code, to commit an offense or engage in conduct listed in Paragraph (A), (B), (C), (D), (E), (K), or (L);

(H) a violation of the laws of another state, federal law, the laws of a foreign country, or the Uniform Code of Military Justice for or based on the violation of an offense containing elements that are substantially similar to the elements of an offense listed under Paragraph (A), (B), (B-1), (C), (D), (E), (G), (J), (K), or (L), but not if the violation results in a deferred adjudication;

…

(6) "Sexually violent offense" means any of the following offenses committed by a person 17 years of age or older:

(A) an offense under Section …21.11(a)(1) (Indecency with a child), 22.011 (Sexual assault), or 22.021 (Aggravated sexual assault)…;

…

(E) an offense under the laws of another state, federal law, the laws of a foreign country, or the Uniform Code of Military Justice if the offense contains elements that are substantially similar to the elements of an offense listed under Paragraph (A), (B), (C), or (D).

Tex. Code Crim. Proc. art. 62.001. The duty to register lasts for the lifetime of the defendant if the prior conviction is for a "sexually violent offense" which includes Tex. Penal Code §§ 22.11(a)(1), 22.011, or 22.021. Tex. Code Crim. Proc. art. 62.101(a)(1).

By statute, DPS is responsible for "determining whether an offense under the laws of another state,…contains elements that are substantially similar to the elements of an offense under the laws of this state." Tex. Code Crim. Proc. art. 62.003(a); *Crabtree v. Texas*, 389 S.W.3d 820, 832-833 (Tex. Crim. App. 2012). An appeal from

any DPS substantial similarity determination "may be made under…article [62.003 and] shall be brought in a district court in Travis County." Tex. Code Crim. Proc. art. 62.003(c).

As part of its statutory charge, DPS publishes "determination lists" that memorialize its substantial similarity decisions for various state statutes. *See* DPS Records Affidavit*, Certification of Sex Offender Record Information*, dated April 13, 2022.[14] The DPS determination list for Colorado law establishes that Navarro's Colorado statute of prior conviction is "substantially similar" to Tex. Penal Code § 21.11(a)(1) which prohibits indecency with a child by sexual contact. *Id.* at 5. Pursuant to Tex. Code Crim. Proc. art. 62.001, § 21.11(a)(1) is considered a "[s]exually violent offense," when committed by a person 17 years of age or older at the time of the offense, that carries a lifetime registration obligation. Tex. Code Crim. Proc. art. 62.001(6); *see United States v. Shepherd*, 880 F.3d 734, 740 (5th Cir. 2018) ("A conviction of indecency with a child is a Texas offense requiring registration.").

Although Navarro acknowledges that DPS is required to make the substantial similarity determination in the first instance, he incorrectly assumes he is entitled to challenge that decision in the federal courts arguing that the factual basis for his plea "does not establish that his Colorado conviction was substantially similar to a Texas

---

[14] Immediately prior to filing this brief, undersigned counsel obtained a records affidavit from DPS attesting to the authenticity of its Determination List for Colorado statutes. A motion to supplement the record, or in the alternative take judicial notice, with the affidavit and attached documents was filed the same day as this brief.

[sex] offense requiring registration." *See Appellant's Brief* at 16-17. His attempt to rely upon this Court' *Shepherd* decision adds further confusion to the matter and fatally mixes the state's substantial similarity determination with his federal right to appeal the tiering determination made by a federal district court. *See Shepherd*, 880 F.3d at 746.

In *Shepard*, this Court addressed the following question: Whether his federal SORNA counsel was ineffective by failing to determine whether his "plea was knowing and voluntary, and [that] he has a viable defense that he was not convicted of an offense that *DPS deems reportable*." *Shepherd*, 880 at 746 (emphasis added). Contrary to Navarro's claim that his case is "no different from" Shepherd's, Navarro's case is a plain error direct appeal with a record that proves DPS considers his prior Colorado conviction to be substantially similar to Tex. Penal Code §21.11(a)(1). *Compare* DPS Records Affidavit*, Certification of Sex Offender Record Information*, dated April 13, 2022 *with Shepherd*, 880 F.3d at 738-739 (record demonstrates DPS ultimately did not find Shepherd's prior Arizona to be substantially similar to any reportable Texas sex offense and that even upon arrest Shepherd maintained "he was not required to register under Texas law").[15] In short, there is no legal basis for Navarro's

---

[15] The existence of a state appellate process which permits a defendant to challenge DPS' substantial similarity determination arguably also suggests that any review of Texas law by this Court may violate the principle of comity. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."); *Michigan v. Long,* 463 U.S. 1032, 1039 (1983) (explaining that out of "[r]espect for the independence of state courts, as well as avoidance of rendering advisory opinions, ... we do not wish to continue to decide issues of state law that go beyond the opinion that we review").

implicit assumption that *Shepherd* authorizes a federal court to review a DPS substantial similarity determination. *See Appellant's Brief* at 21. At the least, this lack of legal support and continuing failure to invoke a readily available state remedy establishes the district court did not clearly or obviously err by approving his Tier II status.

In contrast, DPS's determination that the Colorado statute of prior conviction is substantially similar to Tex. Penal Code § 21.11 is legally coherent. The Texas Court of Criminal Appeals recently re-examined and revised the test for what constitutes statutory substantial similarity. *Fisk v. State*, 574 S.W.3d 917, 921 (Tex. Crim. App. 2019). To do so the State "[must] prove[] that Appellant was previously convicted of an offense under the laws of another state containing elements that displayed a high degree of likeness to those of an offense" under Tex. Penal Code §§ 21.11(a)(1), 22.021, or 22.011 as "enumerated in Tex. Penal Code § 12.42(c)." *Fisk*, 574 F.3d at 925.

However, "the requirement that "the out-of-state statute and the Texas statute must substantially overlap in order to meet the requirement of a high degree of likeness" was specifically "disavow[ed]." *Fisk*, 574 F.3d at 921. As a result, the court held that Fisk's prior UCMJ conviction for sodomy with a child was substantially similar to Tex. Penal Code §22.011 even though the two statutes varied as to the age of children protected, and the UCJM provision included carnal copulation "in any opening of the body." *Fisk*, at 923.

Navarro concedes his prior conviction was pursuant to Colo. Rev. Stat. § 18-3-405(1) and does not challenge the legal or factual basis for that conviction.[16] *See Appellant's Brief* at 13. In such circumstances, Texas courts do not examine the entire statute, only the provision under which the defendant was convicted. *In re Commitment of K.H.*, 609 S.W.3d 247, 252–253 (Tex.App.—Houston [14th Dist.] 2020), *reh'g denied* (Sept. 1, 2020), *review denied* (Jan. 8, 2021) (holding that when, "as here, the State has proven the nature of the previous conviction, we do not analyze the entirety of the other state's statutory scheme for substantial similarity," citing *Fisk*, 574 F.3d at 922). And unlike the federal categorical analysis, Texas courts are allowed to consider testimony and documentary evidence to determine substantial similarity. *Fisk*, 574 S.W.3d at 920, 922.

Here, the record includes Navarro's signed and executed confession that his prior conviction was for the sexual assault of two children under the age of 12 by the "knowing touching of the victim's intimate parts by the actor." Colo. Rev. Stat. § 18-3-401(4). An analysis of the entire Colorado statute is therefore unnecessary because the record proves the nature of the previous conviction. *See In re Commitment of K.H.*, 609 S.W.3d at 252–253 (citing *Fisk*, at 920, 922).

---

[16] Navarro was convicted for attempted sexual abuse of a minor. As is demonstrated *infra.* that does not affect the substantial similarity determination which primarily involves a comparison of statutory elements.

Although neither the Texas nor federal courts have determined whether the Colorado statute is substantially similar to Tex. Penal Code §21.11(a)(1), the Houston Court of Appeals recently held that a virtually identical Oregon statute was substantially similar to the Texas offense. *See In re the Commitment of K.H.*, 609 S.W.3d at 251-253. A side-by-side comparison of Texas, Colorado, and Oregon statutes demonstrates that their elements "display[] a high degree of likeness" to one another:

| Texas Law | Colorado Law | Oregon Law |
|---|---|---|
| a) A person commits an offense if, with a child younger than 17 years of age, whether the child is of the same or opposite sex and regardless of whether the person knows the age of the child at the time of the offense, the person:<br>(1) engages in sexual contact with the child or causes the child to engage in sexual contact[.]…<br>(c) In this section, "sexual contact" means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person:<br>(1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or<br>(2) any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person.<br>Tex. Penal Code Ann. § 21.11(a)(1) (emphasis added) | Sexual assault on a child. (1) An actor who knowingly subjects another not his or her spouse to any sexual contact commits sexual assault on a child if the victim is less than fifteen years of age and the actor is at least four years older than the victim.<br>…<br>Colo. Rev. Stat. § 18-3-405<br><br>"Sexual contact" means:<br>(a) The knowing touching of the victim's intimate parts by the actor, or of the actor's intimate parts by the victim, or the knowing touching of the clothing covering the immediate area of the victim's or actor's intimate parts if that sexual contact is for the purposes of sexual arousal, gratification, or abuse.<br><br>Colo. Rev. Stat. § 18-3-401(4)-(6) (1998) (emphasis added). | (1) A person commits the crime of sexual abuse in the third degree if the person subjects another person to sexual contact and:<br>(a) The victim does not consent to the sexual contact; or<br>(b) The victim is incapable of consent by reason of being under 18 years of age.<br>Or. Rev. Stat. § 163.415(1) (1995).<br><br>"Sexual contact" means any touching of the sexual or other intimate parts of a person or causing such person to touch the sexual or other intimate parts of the actor for the purpose of arousing or gratifying the sexual desire of either party.<br><br>Or. Rev. Stat. Ann. § 163.305 (6) (1999) (emphasis added). |

*Fisk*, 574 F.3d at 925 (emphasis and Colorado law added to its statutory chart).

Like Navarro, K.H. maintained that the broad definition of "intimate parts" in the Colorado statute when compared to the specific body parts identified in § 21.11

(i.e., anus, breast, or genitals), and the age difference between the two fatally dissimilar. The *K.H.* court easily dismissed those contentions relying upon *Fisk*, not *Anonymous Adult* which does not apply in this case. *Compare K.H.*, 609 S.W.3d at 252-253 (citing *Fisk* at 923) *with Appellant's Brief* at 17-18 (citing *Tex, Dep't of Pub. Saf. v. Anonymous Adult*, 382 S.W.3d 531, 536, 538 (Tex. App.--Austin 2012). For these same reasons, Navarro's claim that his factual basis does not establish that his Colorado offense was "substantially similar to a Texas offense requiring lifetime registration" makes no sense. *Appellant's Brief* at 19.

**2. Navarro's prior conviction for *attempted* sexual assault of a child does not affect the determination of whether he qualifies as a Tier I, II, or III sex offender.**

Finally, Navarro was convicted in Colorado of "attempted sexual abuse of a child." ROA.230. He argues that the attempt would make a difference to the Texas "substantial similarity" analysis, and therefore length of his sex offender registration period. *See Appellant's Brief* at 19-21. However, the Texas sex offender statute specifically rejects that conclusion and includes attempted indecency with a child as a reportable conviction and a "sexually violent offense" which, like his Colorado conviction, requires lifetime sex offender registration. *See* Tex. Crim. Proc. art. 62.001(5)(A)&(G), 6(A).

Nevertheless, Navarro maintains that Tex. Code Crim. Proc. art. 62.011(6), 62.101(a) authorize remove attempt crimes from the list of sex offenses requiring lifetime registration under Texas law. *See Appellant's Brief* at 19. Neither provision

supports that proposition. Moreover, the electronic document upon which he relies, and to which he directs this Court, clearly states that a prior attempt conviction under Tex. Penal Code § 21.11(a)(1) supports federal SORNA Tiers II and III reporting requirements as follows:

| *Texas Statute* | *Texas Offense* | *Length of Duty to Register in Texas* | | *Length of Duty to Register under SORNA* |
|---|---|---|---|---|
| Not a single offense OR Federal registration requirement is LONGER or EQUAL TO the Texas registration requirement, so NOT ELIGIBLE to apply for deregistration under CCP 62.403(b) | | | A single offense AND Federal registration requirement is SHORTER than the Texas registration requirement, so ELIGIBLE to apply for deregistration under CCP 62.403(b) | |
| § 21.02 | Continuous Sexual Abuse of Young Child or Children | Adult conviction (victim under 13) | Lifetime | Tier III Lifetime |
| | | Adult conviction (victim age 13-17) | Lifetime | Tier II 25 years |
| | | Attempt/conspiracy/solicitation | Post-10 | Tier III Lifetime or Tier II 25 years |
| § 21.08 | Indecent Exposure | 2 or more violations and the 2nd violation is NOT a deferred adjudication | Post-10 | No duty to register |
| § 21.09 | Bestiality and Attempt/conspiracy/solicitation | Post-10 | | Tier I 15 years |
| § 21.11(a)(1) | Indecency with a Child by Contact | Adult conviction (victim age 13-17) | Lifetime | Tier II 25 years |
| | | Adult conviction (victim under 13) | Lifetime | Tier III Lifetime |
| | | Attempt/conspiracy/solicitation | Post-10 | Tier III Lifetime or Tier II 25 years |

*See Appellant's Brief* at 19 ( citing *Texas Length of Duty to Register Compared to Minimum Required Registration Period Under Federal Law* (2021)) (.pdf available by loading search for "Texas Offenses Tiered Under Federal Adam Walsh Act" into Google and then clicking purple hotlink to document). If the SORNA tiering analysis in this chart applies to a prior conviction for attempted Texas conviction under Tex. Penal Code § 21.11(a)(1) it is logical to assume the same tiering would apply any statute found to be substantially similar to §21.11. And while this Court is not bound by how DPS analyzes Texas statutes in relation to federal SORNA tiering (although as demonstrated above DPS is apparently correct in its analysis), Navarro's attempt to

rely upon Texas habeas cases involving *Texas* sex offender registration requirements for *attempted* violations of *Texas* law is certainly misplaced.[17]

For all these reasons, the district court's decision to approve SORNA Tier II status for Navarro was not plain, or arguably any, error at all. His conviction and sentence should therefore be affirmed by this Court.

**Conclusion**

For the foregoing reasons, the SORNA conviction and sentence of Appellant John David Navarro should be affirmed.

Respectfully submitted,

ASHLEY C. HOFF
United States Attorney

By: /s/ *Mara Asya Blatt*
MARA ASYA BLATT
Assistant United States Attorney
Texas Bar No. 02473050

[17] Without belaboring the point, both *Covey* and *Alvarado* yielded opinions with no precedential value and were based upon facts and procedural postures that were dispositively different from those in this appeal. *See, e.g., Ex parte Covey*, 2010 WL 1253224 at *6 (Tex. Crim. App. 2010) (finding counsel ineffective for failing to recognize that a person's duty to register, when based upon "an order of deferred adjudication," expires "on the 10th anniversary of the date on which the court dismisses the [Texas] criminal proceedings against the person and discharges the person." Tex. Code Crim. Proc. art. 62.101(c)(1)).

## Certificate of Service

I hereby certify that on April 25, I filed this document with the Fifth Circuit of Appeals using the CM/ECF filing system, which will cause a copy of this document to be delivered to Appellant's attorney of record, Assistant Federal Public Defender Dale F. Ogden, Esq.

*/s/ Mara Asya Blatt*
MARA ASYA BLATT
Assistant United States Attorney
Western District of Texas
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
(210) 384-7090/ FAX (210) 384-7031

## Certificate of Compliance

### Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) and contains **7,271** words, excluding those parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) and has been prepared in a proportionally spaced typeface using Microsoft 365 Word in 14-point Garamond.

*/s/ Mara Asya Blatt*
MARA ASYA BLATT
Assistant United States Attorney

Dated: April 25, 2022